UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ELIZABETH GRANT and GRACE GRANT,          **MEMORANDUM & ORDER**
                                                                    24-CV-3714 (PKC) (LB)

                Plaintiffs,

      -against-

115 PRECINCT, BETTY ROSE, OSPRA,
ADULT PROTECTIVE SERVICES, ASPCA,
QUEENS SUPREME COURT, and MONIQUE
BEZY AIDEN,

                Defendants.
-------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Elizabeth Grant ("Plaintiff") filed the instant *pro se* action pursuant to 28 U.S.C. § 1331. She seeks to bring claims on behalf of both herself and her mother, Grace Grant.[1] For the reasons stated below, Plaintiff's request to proceed *in forma pauperis* is granted, but her complaint is dismissed. However, Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

## BACKGROUND

Plaintiff is no stranger to this Court, having filed fourteen prior actions in the Eastern District of New York.[2] In this instance, Plaintiff's complaint is difficult to decipher. (*See*

---

[1] As discussed *infra*, Plaintiff is unable to bring a lawsuit on her mother's behalf. As such, the Court refers only to Elizabeth Grant as "Plaintiff."

[2] *See Grant v. Warden of Ros M. Singer*, No. 19-CV-2046 (RRM) (LB); *Grant v. Cafferri*, No. 19-CV-2148 (RRM) (LB); *Grant v. Vultreggo*, No. 19-CV-2204 (RRM) (LB); *Grant v. ASPCA*, No. 19-CV-2239 (RRM) (LB); *Grant v. Soba*, No. 19-CV-2525 (RRM) (LB); *Grant v. Zao*, No. 19-CV-2832 (RRM) (LB); *Grant v. Resan*, No. 19-CV-2911 (RRM) (LB); *Grant v. Queens Supreme Ct.*, No. 19-CV-3244 (RRM) (LB); *Grant v. Dep't of Corrs.*, No. 19-CV-3380 (RRM) (LB); *Grant v. ASPCA*, No. 19-CV-3689 (RRM) (LB); *Grant v. Brooklyn Veterans Hosp.*,

*generally* Compl., Dkt. 1.) Her allegations are disorganized, rambling, and convoluted. (*See generally id.*) She writes on both sides of the paper, and despite submitting the complaint on a court-supplied form, she fails to maintain margins. (*See generally id.*) As best as can be determined, Plaintiff alleges that she was falsely arrested, although the date of the alleged false arrest and whether that arrest was the subject of one of her prior actions are unclear from the complaint. (*See id.*) Plaintiff seeks monetary damages. (*See id.* at ECF[3] 11.)

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an action filed *in forma pauperis* by a non-prisoner if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure ("Rule") 8 similarly requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads sufficient factual detail to allow the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678–79; *see also Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678), *aff'd*, 569 U.S. 108 (2013). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

---

No. 19-CV-4875 (RRM) (LB); *Grant v. Cheena*, No. 19-CV-4876 (RRM) (LB); *Grant v. Tracy*, No. 19-CV-6081 (RRM) (LB); *Grant v. Adult Protective Serv.*, No. 22-CV-775 (PKC) (LB).

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Twombly*, 550 U.S. at 556.

Rule 8(a)(2) also requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A complaint does not pass muster under Rule 8(a)(2) if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

At the same time, it is axiomatic that a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

## DISCUSSION

### I. Plaintiff's Claims By or On Behalf of Grace Grant

Grace Grant, Plaintiff's mother, did not apply for permission to proceed *in forma pauperis* and did not sign the Complaint as required by Rule 11(a). Plaintiff, a *pro se* litigant, cannot represent anyone other than herself. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (holding that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (noting that, despite the plain text of 28 U.S.C. § 1654 guarantees the right to proceed *pro se* in civil actions, "appearance *pro se* denotes . . . appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity"). Accordingly, claims brought by Grace Grant and/or by Plaintiff on behalf of her mother are dismissed without prejudice. These claims may be revived by Grace Grant herself or her lawyer.

## II. Plaintiff's Claims On Behalf of Herself

As discussed, Plaintiff's complaint is largely illegible and unintelligible. As presented, neither the Court nor Defendants can reasonably be expected to identify Plaintiff's claims. *See Ghosh v. N.Y.C. Hous. Auth.*, No. 21-CV-6139 (AT) (BCM), 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) ("It is not the Court's job—nor the opposing party's—to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" (quoting *Avramham v. N.Y.*, No. 20-CV-4441 (LLS), 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020))). Given the difficulty in understanding Plaintiff's complaint, the Court cannot evaluate whether Plaintiff's allegations state a claim for relief. The Court, therefore, will dismiss the complaint without prejudice for Plaintiff to file an amended complaint.

## III. Leave to Amend

In light of the Court's duty to liberally construe *pro se* complaints, Plaintiff may file an amended complaint within thirty (30) days of the date of this Memorandum & Order. Should Plaintiff elect to file an amended complaint, the amended complaint must be legible and set forth factual allegations in numbered paragraphs, organized chronologically. The paragraphs must give the date and location of the action or omission giving rise to each claim, name the specific defendant(s) alleged to be responsible for each action or omission, explain what each defendant did or failed to do, and explain how that action or omission led to a deprivation of her federal constitutional or statutory rights.

Plaintiff is directed to write neatly or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper but to maintain one-inch margins on the top, bottom, and sides of each paper submitted. Plaintiff's amended complaint must focus on her current allegations and not raise allegations that were the subject of her prior suits. Further, for the reasons described above,

Plaintiff may not assert any claims on her mother's behalf.  Plaintiff is advised that any amended complaint that she elects to file will completely replace, not supplement, the original complaint.  The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum & Order.

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a).  Plaintiff is granted thirty (30) days' leave from the date of this Memorandum & Order to file an amended complaint as detailed above.  If Plaintiff fails to file an amended complaint within the time allowed or to show good cause why she cannot comply, judgment shall enter.  All further proceedings shall be stayed for thirty (30) days.  Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency.

The Clerk of Court is respectfully requested to provide Plaintiff with a complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ *Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: June 3, 2024
       Brooklyn, New York

5