UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELIZABETH GRANT and GRACE GRANT,   **MEMORANDUM & ORDER**
                                    24-CV-3714 (PKC) (LB)

                Plaintiffs,

      -against-

115 PRECINCT, BETTY ROSE, OSPRA,
ADULT PROTECTIVE SERVICES, ASPCA,
QUEENS SUPREME COURT, and MONIQUE
BEZY AIDEN,[1]

                Defendants.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      By Memorandum & Order dated June 3, 2024, this Court granted Plaintiff Elizabeth Grant's request to proceed *in forma pauperis* ("IFP") and dismissed her complaint for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Federal Rule of Civil Procedure 8(a). Elizabeth Grant ("Plaintiff") was granted thirty (30) days to file an amended complaint. Plaintiff filed her amended complaint on June 10, 2024. For the reasons discussed below, Plaintiff's amended complaint is dismissed with prejudice.

## BACKGROUND

      The Court's June 3, 2024 Memorandum & Order informed Plaintiff that should she elect to file an amended complaint, the amended complaint must be legible and set forth factual allegations in numbered paragraphs, organized chronologically. (Mem. & Order, Dkt. 4 at 4.) The paragraphs must give the date and location of the action or omission giving rise to each claim, name the specific defendant(s) allegedly responsible for each action or omission, explain what each defendant did or failed to do, and explain how those actions or omissions led to a deprivation

---

[1] In her Amended Complaint, Plaintiff refers to this Defendant as "Monique Begy."

of her federal constitutional or statutory rights. (*Id.*) Further, Plaintiff was informed that the amended complaint must focus on her current allegations and not raise claims that were the subject of her prior actions. (*Id.*) Plaintiff failed to comply with the Court's direction.

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an action filed *in forma pauperis* by a non-prisoner if the court determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff seeks to relitigate claims concerning the animals in her home, which the New York Police Department seized, and her subsequent arrest, conviction, and incarceration for mistreatment of the animals. (*See* Amend. Compl., Dkt. 5 at 5–6). It appears that the claims asserted in the amended complaint are some of the same claims raised in her prior fourteen actions or arose out of the same nucleus of facts and could have been raised in the previous actions. *See New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019) ("Under the doctrine of res

judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action."). Accordingly, Plaintiff may not relitigate those claims.

Further, even if the doctrine of *res judicata* does not bar the allegations in the amended complaint, the claims asserted in the amended complaint fail to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For example, Plaintiff argues that her license has been revoked, and she would like a hearing to have the license returned. (Amend. Compl., Dkt. 5 at 5.) She further asserts that she did not injure Defendant Begy, but rather Begy had a preexisting condition and was seeking worker's compensation. (*Id*.) Plaintiff asserts—without providing any details—that the ASPCA killed or sold her animals and that they did not have a right to do so. (*Id*. at 6.) Plaintiff's conclusory statements and insufficient factual allegations fail to state a plausible claim for relief. *Twombly,* 550 U.S. at 555.

Finally, Plaintiff's allegations also fail to comply with Federal Rule of Civil Procedure 8(a)(2) because they are "so confused, ambiguous, vague, or otherwise unintelligible that [their] true substance, if any, is well disguised." *Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Federal Rule of Civil Procedure 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). Accordingly, Plaintiff's amended complaint is dismissed as barred by the doctrine of *res judicata*, for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure.

## FILING INJUNCTION WARNING

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted). Plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting her from making future filings seeking *in forma pauperis* status without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)).

## CONCLUSION

Accordingly, Plaintiff's amended complaint, filed *in forma pauperis*, is dismissed as barred by the doctrine of *res judicata*, for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is warned that future filing of complaints stemming from the removal of her animals and her subsequent arrest and incarceration may result in a filing injunction.

The Clerk of Court is respectfully requested to enter judgment dismissing the action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ *Pamela K. Chen*

PAMELA K. CHEN
United States District Judge

Dated: June 17, 2024
      Brooklyn, New York

5